We'll hear Nascimento v. Dummer, if anyone is present for that one. It please the Court, my name is Kevin Vainio. I'm appearing here on behalf of Mr. Joseph Nascimento, the plaintiff-appellant in this case. Your Honors, every person who appears in a court expects to receive a determination of his case based on the merits by a court exercising proper jurisdiction to be treated fairly and equally with the other litigants in the case. Further, a party expects that he would be allowed procedural protections that are afforded by our federal rules of civil procedure. In the present case, Mr. Nascimento was subjected to determinations made by a court that lacked jurisdiction. He was subjected to fast tracking. His case was transferred from Nevada to Montana on a very quick schedule and was transferred at a point in time when there was still a motion for reconsideration pending before this court, before the writ of mandate was entered in this case. His procedural choices were further limited in that when he obtained counsel in this case, and prior to that, he was not afforded any type of discovery. His discovery was stricken after the point in time that the discovery deadline had been set. You asked 70 questions when there was a 20-question limit, and you did not ask for court leave to exceed the limit. Is that right? Mr. Nascimento was representing himself at that time, yes, Your Honor, and he submitted it, which gets to my next issue in that when I did assume this case, I asked for an extension of time to provide, to obtain discovery in this case. Obviously, Mr. Nascimento lacked the experience in these cases to realize that there was, in fact, a limit. Effectively, Mr. Nascimento's right to the assistance of counsel was denied because there was my motion to extend the discovery deadline was denied. What was the timing on that? How much time did you still have for discovery? When I assumed the case, the discovery deadline had already lapsed. And he had, well, how many months to get a lawyer? He was in Nevada. He had approximately, the mandate was issued, I believe, September 24th. There, of course, prior to this time, Quantan had already taken the case down there and started entering orders, including an order to set a schedule. So, essentially, he didn't have any time to get a lawyer because things started happening right away. Counsel, what troubles me about your client's case, as presented to us, is this. You had some issues that might have been good issues about the mandate not having issued in Nevada. Right. And about whether the district court abused its discretion in not giving you that extension. Yes, sir. However, there was an order to attend a pretrial conference. And as I understand it, Mr. Nesimino didn't show up and you didn't show up for that conference. And the court then dismissed the case as a sanction, which, if that's proper, seems to render moot the earlier things that you're complaining about. So, at least for my purposes, it would really be helpful if you would address whether the court was entitled to sanction the non-appearance. Yes, Your Honor. Because it seems to me if you don't start there, your case doesn't get out of the starting box. Yes, Your Honor. I'll start there and, if I could, work backwards. We, in fact, after the denial of the motion regarding discovery, had filed a notice of appeal and also requesting a written mandate. Right. You did those things, but do you have any authority that suggests that trying to take that appeal, which is, you know, looks like an interlocutory appeal unless it comes within the collateral order doctrine, that that doesn't destroy the court's jurisdiction to hold the pretrial conference? Because my understanding is that there's precedent that if there is an appeal on a collateral order, that the trial court retains its jurisdiction on everything except the matter appealed from. Yes, Your Honor. So how can you justify not showing up at the pretrial conference? I had provided counsel, opposing counsel, with a copy of the appeal. I had also faxed a copy to Judge Malloy. So they were aware that we were seeking an appeal in this case. But if, in fact, the law says that that appeal did not divest the court of jurisdiction on its pretrial status conference, then under what theory, you know, can you say the sanction is wrong? Well, we can go back, Your Honor, to taking a look at the issue that Ms. Weber in her brief says was moot, saying that, you know, she basically admits that the Montana court lacked jurisdiction in this case when they assumed the case. There was an order entered. When they started. Right. Did the Montana court have jurisdiction at the time you had made your discovery motion? I don't believe that there was jurisdiction to enter the initial scheduling order. That happened prior to the issuance of the writ of mandate. Right. Now, once the mandate issues, doesn't the court have jurisdiction? The court would have jurisdiction. But, of course, anything that preceded the mandate would in essence be void. I don't understand that part. There is an established doctrine that frivolous appeals have no effect on the district court's jurisdiction. And this appeared to be one. What's more, when you file an interlocutory appeal and a petition for writ of mandamus, you cannot assume a success. The district court issues an order to appear at a pretrial conference, no matter what the litigant's view is of whether the district court ought to be doing that or whether it's lost jurisdiction. I don't see how the litigant can justify not showing up and not making a motion for leave not to show up, not making a motion to be relieved of the sanctions for not showing up because there was a good reason not to show up. Your Honor. Just blow off the litigation. That's true, Your Honor. It was our belief that, in fact, that the filing of the notice of appeal did, in fact, stay any further proceedings. I understand that was appellant's belief. But, gosh, I believe things where I wound up on the short end as a lawyer and as a judge. It happens all the time. Yes, Your Honor. However, I did provide them with that. There was no mention of this as a reason why we might not be there at the hearing. The lesser sanctions. Did you ever tell the court why you weren't coming or that you weren't coming or ask for an excuse not to come? My office did, in fact, call them. There was some confusion on whether it was that day or. . . Usually you file a paper to tell something to the court. Right. And we did file a notice of appeal on the thing. And my office did call. Did you serve the court with some written notice that, in light of your appeal, you weren't going to attend the status conference? We did fax the notice of appeal. Right. But did you give written advice that, in light of the notice of appeal, you weren't going to attend the conference? Because, see, just giving the court the notice of appeal doesn't really get you there if the law says that the notice of appeal doesn't digest the court of jurisdiction on anything except the discovery extension issue. Right. But I still think in this case, Your Honor, we did provide them with notice of a reason why we weren't there. And, secondly, we did. . . these orders that were entered before the mandate were void. Why didn't you just appear and file a special appearance, contest their jurisdiction for several reasons, and preserve your rights? Well, I believe that we were. . . You file special appearances all the time. I believe that we were preserving our rights.  I don't think you heard my question. Why not preserve them expressly with a special appearance? I. . . Any reason not to? I guess there's no reason not to, but at the time, we believed we were doing what was proper. I have a nagging question here. This case was dismissed without prejudice. Isn't that correct? That's correct, Your Honor. Do we have a final appealable order before us now? I believe that the case law does provide that there is an appealable order, even though a case is dismissed without prejudice. Do you have authority for that? I do, Your Honor, but I don't have it at my fingertips here. Why didn't you start over? By that time, I believe the statute of limitations had lapsed on a number of the claims. Thank you, Counsel. Thank you, Your Honor. Is there anybody here for the appellees? Anybody appearing today for appellees? Evidently not. So, Mascomento v. Dummer is submitted.
judges: Fletcher, Kleinfeld, Gould